(56 Misc. Rep. 549.)

### HERRMAN v. LAEMMLE et al.

(Supreme Court, Appellate Term. November 29, 1907.)

1. RELEASE—CONSTRUCTION—LEASE—SURRENDER BY LESSEES—LIABILITIES FOR BREACH OF COVENANTS.

By an instrument, executed by both parties to a lease, reciting that the lessees were desirous of yielding possession and being absolved from further liability for rent, they surrendered possession to the lessor and released him from an option granted to them to purchase, and the lessor agreed to accept the surrender and release the lessees "of and from all obligation to pay rent." *Held*, that such release, though construed most strongly against the lessor, did not release the lessees from liability for breach of a covenant to take good care of the premises and to repair.

2. LANDLORD AND TENANT—SURRENDER—EFFECT.

The rule that where a landlord, with full knowledge of the condition of his property, consents to a cancellation of the lease, he bars his recovery of damages for a breach of covenant to repair and care for the premises, does not apply where the surrender is pursuant to a written instrument expressly releasing the tenants from their covenants to pay future rent only.

Appeal from City Court of New York.

Action by James S. Herrman against Joseph Laemmle and others. From a judgment of the City Court of New York, setting aside a verdict in favor of plaintiff and dismissing his complaint on the merits, he appeals. Reversed, and verdict reinstated.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Richard T. Greene, for appellant.

Fredk. A. Stroh, for respondent Laemmle.

Davis & Kaufman, for respondent Jetter.

McEachen & Elkus, for respondent Martin.

ERLANGER, J. It appears from the complaint that in April, 1901, the plaintiff let to the defendants by written lease the premises therein described; that, contrary to the covenant to take good care of the premises and repair the same at their own cost and expense, they destroyed, mutilated, and otherwise damaged certain portions of the building, and removed machinery and fixtures therefrom. It is also alleged that on the 26th day of October, 1903, the defendants by written agreement surrendered possession of the premises to plaintiff, and thereby released him from the option granted to them to purchase the property; that he accepted such surrender and released them from that day of and from all obligation to pay rent. Damage in the sum of $2,000 is claimed to have been sustained, for which judgment is demanded. The defendants answered separately, and, after putting in issue the material allegations of the complaint, claimed that the said agreement of October 26, 1903, instead of releasing them only from future rent, operated as well to release them from all obligations assumed under their lease. Plaintiff proved the damage sustained to his property, and after resting his case a motion was made to dismiss the complaint upon the ground that the agreement referred to released them from all liability. The motion was denied, with leave to renew

after the verdict of the jury was returned. The defendants submitted their evidence. After the close of the case a motion was again made to dismiss, and the court said:

"I will adhere to the view I expressed before, and I will let this case go to the jury, and if such course is unsatisfactory to counsel they may move to set the verdict aside, and I will then consider the questions of law, as I think the question involved is a very serious one."

The court then charged the jury, who found for the plaintiff in the sum of $900. Defendants thereupon moved to set aside the verdict under section 999 of the Code, and again pressed the motion to dismiss. Decision was reserved, and some time thereafter the court disposed of the motion in the following memorandum:

"I am still of the opinion, expressed at the close of the trial, that the agreement of October 26th operated as a cancellation of the lease, and the landlord, having accepted a surrender of the possession of the premises without reserve and with full knowledge of their then condition, and released all future rents, waived any rights he then had or might have at the termination of the lease to enforce its covenants for repairs. It follows, therefore, that verdict must be set aside, and the motion to dismiss the complaint granted."

Judgment was then entered, setting aside the verdict and dismissing the complaint upon the merits, with $69.28 costs to each defendant. Plaintiff appealed.

Appellant raises two questions on this appeal. He claims, firstly, that the court was without power to dismiss upon the merits after the verdict; and, secondly, that the court erred in its interpretation of the agreement, the effect of which was only to release the defendants from future rent and nothing else. Respondents take the position that the instrument of surrender not only canceled the lease, but its acceptance was without reserve, and ex vi termini freed them from the covenant to repair. The only questions necessary to decide are whether the writing will bear the interpretation given to it by the court below and whether the judgment can be upheld.

We think both must be answered in the negative. A glance at the writing suffices to show that to give it the construction contended for would destroy the apparent intent expressed upon its face. The recital shows that the defendants "are desirous of yielding up possession of the said premises and of being absolved from further liability for the payment of rent under said lease"; and, after the consideration is stated and the receipt thereof acknowledged, it proceeds:

"The parties hereto covenant and agree as follows: (1) The said Joseph Laemmle, Christian Jetter, and Henry Martin do hereby, and each of them, yield and surrender up possession of the said premises to the said James S. Herrman of and from the option granted by him to them to purchase the demised premises; said option never having been exercised. (2) The said James S. Herrman hereby accepts the surrender of the possession of the said premises, and does hereby release said Laemmle, Jetter, and Martin of and from all obligation to pay rent for the same from this day forth."

Two distinct rights were thereby released. The defendants' option to purchase was relinquished by their consent, and the acceptance by plaintiff of the surrender absolved them from all future rent. If it was intended that the release should cover and discharge other lia-

bilities coexisting at the time with the liability for rent, apt words expressing such intention should have been incorporated in the instrument which was to give them this absolute immunity. Not only does the recital declare with positive certainty the specific obligation from which defendants desired to be relieved, but the operative part of the writing, which must prevail, is likewise clear. All the rules of interpretation and construction applicable to writings govern the instrument in hand, and its terms can neither be detracted from nor enlarged. No claim of fraud or mistake is made in connection with its execution, nor, indeed, is anything of the kind pleaded. The defendants are bound by the limitations of the release to them, and to give it the effect claimed would require us to recast the instrument and write into it a release of the defendants from other covenants broken before the surrender took place. Construing the language of the paper most strongly against the plaintiff, as we must (Kirchner v. Home Sewing Machine Co., 135 N. Y. 182, 31 N. E. 1104), the fact still remains that the only liability released by him is from the rent, and none other.

The claim that plaintiff had full knowledge of the condition of his property, and that the premises were yielded up to enable him to sell the same, cannot avail the defendants. Whatever the rule may be in other cases where a surrender has taken place, the omission from the release in suit of positive terms that it was intended to cover all liability for breach of the covenants of the lease, as well as for future rent, is fatal to the defendants. There are a number of cases in which it has been ruled that where a landlord, with full knowledge of all the facts in respect of the condition of his property, consents to a cancellation of a lease, he bars himself from recovering damages for the breach of covenants therein. But the principle of those cases does not apply here. In none was there a writing in form like in the case at bar. We are of the opinion that the release, both with regard to its recitals as well as the operative part, is definite, and that its terms cannot be enlarged, and that plaintiff was entitled to recover any damage provable by him prior to the surrender. It was therefore, error to set aside the verdict and dismiss the complaint. The judgment should be reversed, and the verdict of the jury reinstated, with costs. All concur.